1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA,

Case No. 2:15-cr-00285-KJD-PAL

8

Plaintiff,

**REPORT OF FINDINGS AND
RECOMMENDATION**

9

v.

10

BENJAMIN GALECKI,

(Mot. Dismiss – ECF No. 43)

Defendant.

11

12      Before the court is Defendant Benjamin Galecki's ("Galecki") Motion Dismiss (ECF No.

13   43) which was referred for a Report of Findings of Recommendation pursuant to 28 U.S.C. §

14   636(b)(1)(B) and LR IB1-4.  The court has considered the Motion (ECF No. 43) and the

15   government's Response (ECF No. 49).  No reply was filed and the time for filing the reply has

16   expired.

17                                    **BACKGROUND**

18   **I.       Indictment (ECF No. 1)**

19      Galecki was initially charged in a 7 count Indictment (ECF No. 1) returned October 13, 2015,

20   with conspiracy to engage in financial transactions to promote unlawful activity in violation of

21   18 U.S.C. § 1956(h); conspiracy to transport funds to promote unlawful activity in violation of

22   18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349;

23   conspiracy to commit  wire fraud in violation of 18 U.S.C. § 1349; conspiracy to manufacture,

24   possess with intent to distribute, and distribute a controlled substance analogue intended for

25   human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and

26   846; maintaining a drug involved premises and aiding and abetting in violation of 21 U.S.C.

27   § 856(a)(1) and 18 U.S.C. § 2; and conspiracy to misbrand drug in violation of 18 U.S.C. § 371.

28

**II.    Superseding Indictment (ECF No. 56)**

A Superseding Indictment (ECF No. 56) was recently returned August 24, 2016, charging Galecki with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; transporting funds to promote unlawful activity and aiding and abetting in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846; conspiracy to manufacture, possess with intent to distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; maintaining a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 2; conspiracy to misbrand drug in violation of 18 U.S.C. § 371; conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; mail fraud and aiding and abetting in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; wire fraud and aiding and abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance and a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; possession with intent to distribute a controlled substance and a controlled substance analog to the extent intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; manufacture a controlled substance

analogue to the extent intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(1)(C) and 18 U.S.C. § 2; distribution of a controlled substance analogue and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; maintain a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and possession of a listed chemical with the intent to manufacture a controlled substance analogue intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

### III.    The Motion to Dismiss (ECF No. 43)

The motion to dismiss is directed to Counts 5 and 6 of the initial indictment.  Galecki argues the government has failed to allege sufficient facts or allegations to support a violation of the Analogue Act after the Supreme Court's most recent decision in *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015).  Galecki argues that the indictment fails to state an offense for a violation under the Act because the government has failed to include sufficient facts or averments that he knew that the alleged analogue substances were controlled under the Controlled Substances Act or Analogue Act, even if he did not know its identity; or that Galecki knew the specific features of the substances that make them a controlled substance analogue.  In *McFadden*, the Supreme Court recently held that in order to be convicted for a violation of the Analogue Act, the defendant must knowingly and intentionally distribute a mixture or substance that has substantially similar effects on the nervous system as a controlled substance, and that the defendant intended for the mixture or substance to be consumed by humans.  The language of the indictment uses pre-*McFadden* language in articulating an Analog Act violation.  Count 5 and 6 of the original indictment avers that Galecki intentionally and knowingly conspired to possess with intent to distribute AM2201.  However, the indictment did not aver that Galecki knew the substance was controlled in the Controlled Substance Act or Analog Act, or that he knew it had specific features of a controlled substance.

The Ninth Circuit has recently approved updated versions of Model Criminal Jury Instructions 9.15 and 9.19 due to the *McFadden* ruling.  The Model Instruction now provides:

1

2

3

4

5

> Regarding these cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 135 S.Ct. 2298 (2015), that in order to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identify of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analog."

6    *Id.* at 2305.

7        As Counts 5 and 6 do not allege sufficient facts to show Galecki's necessary mental state

8    for a conviction, the court must dismiss these counts.

9        The government opposes the motion acknowledging that the facts of *McFadden* are

10    similar to this case. The government argues *McFadden*'s holding is distinguishable because it

11    focuses on jury instructions and not on indictments. The government's position is that Counts 5

12    and 6 were adequately pled and dismissal is not required. The purposes of indictments and jury

13    instructions are separate and distinct. The Supreme Court's requirement of more detailed mens

14    rea language in a controlled substance analogue jury instruction does not require that an

15    indictment mirror the language of the jury instruction. The purpose of an indictment is simply to

16    provide a defendant with proper notice of the charges against him so that he can defend or plead

17    his case adequately. The government acknowledges that an indictment must do more than

18    simply repeat language of the criminal statute, and must include sufficient facts and

19    circumstances to inform the accused of the specific offense. However, there is no case holding

20    that the indictment must also include the exact language that is required in jury instructions. All

21    of the parties are on notice of the elements required by *McFadden*, and Galecki cites no case for

22    the proposition that an indictment must contain language mirroring the mens rea jury instruction

23    applicable to Counts 5 and 6.

24                              **DISCUSSION**

25        Pursuant to Federal Rule of Criminal Procedure 12(b), "Any defense, objection, or

26    request which is capable of determination without the trial of the general issue may be raised

27    before trial by motion." In determining a motion to dismiss an indictment, "a court is limited to

28    the face of the indictment and must accept the facts alleged in that indictment as true." *United*

*States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (citing *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense."  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).  The court's inquiry must end there.  Arguments directed at the merits of the claims must be left for trial.

An indictment is "sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)); *see also Russell v. United States*, 369 U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c). An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished."  *Hamling*, 418 U.S. at 117.

The Ninth Circuit has held,

> An indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge."

*United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)); *see also United States v. Flanagan*, 126 F. Supp. 2d 1284, 1292-93 (C.D. Cal. 2000); *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000); *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991).  The sufficiency of an indictment is determined by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, *not whether the government can prove its*

///

5

1  *case.*" *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (emphasis added) (quoting

2  *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).

3  The original indictment alleged that Galecki conspired and possessed with intent to

4  distribute AM2201, a schedule 1 controlled substance and a mixture of a detectable amount of

5  AM2201, a controlled substance, analogue and "JWH-018 a schedule I controlled substance "and

6  which, to the extent intended for human consumption, is treated for purposes of federal law as a

7  controlled substance in schedule 1" pursuant to applicable statutes cited in the indictment. The

8  superseding indictment alleges violations of the Analogue and Controlled Substances Act in

9  counts 20-24.   The superseding indictment alleges that Galecki and his co-defendants

10 intentionally and knowingly conspired, and possessed with intent to distribute schedule I

11 controlled substances and controlled substance analogues "knowing that the substance was

12 intended for human consumption as provided by 21 U.S.C. Section 813."

13 Applying well established law interpreting Rule 12(b), and  accepting the facts alleged in

14 the superseding indictment as true, it complies with the requirements set forth by the Ninth

15 Circuit in *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002), and *United States v. Rosi*, 27

16 F.3d 409, 414 (9th Cir. 1994). The Analogue Act counts contain the elements of the charged

17 offenses, enables Galecki to prepare his defenses, to plead double jeopardy, and informs the

18 court of the alleged facts so that it can determine the sufficiency of the charge.  Galecki is

19 entitled to a jury instruction that adequately informs the jury of the *mens rea* requirements for a

20 conviction that conforms to the Supreme Court's decision in *McFadden*.  However, he cites no

21 case supporting the proposition that an indictment must plead the *mens rea* requirement of a

22 statute with the specificity required for an adequate jury instruction.

23 For these reasons,

24 **IT IS RECOMMENDED** that Galecki's Motion to Dismiss (Failure to State an Offense)

25 (ECF No 43) be **DENIED**.

26 DATED this 19th day of September, 2016.

27

28 PEGGY A. LEEN
   UNITED STATES MAGISTRATE JUDGE