UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>BENJAMIN GALECKI,<br><br>                          Defendant. | Case No. 2:15-cr-00285-KJD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot Suppress – ECF No. 44) |

Before the court is Defendant Benjamin Galecki's ("Galecki") Motion to Suppress Evidence (ECF No. 44) which was referred for a Report of Findings of Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB1-4. The court has considered the Motion (ECF No. 44) and the government's Response (ECF No. 50). No reply was filed and the time for filing the reply has expired.

## BACKGROUND

### I. Indictment (ECF No. 1)

Galecki is charged in an Indictment (ECF No. 1) returned October 13, 2015, with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846; maintaining a drug involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and conspiracy to misbrand drug in violation of 18 U.S.C. § 371.

## II. Superseding Indictment (ECF No. 56)

A Superseding Indictment (ECF No. 56) was recently returned August 24, 2016, with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; transporting funds to promote unlawful activity and aiding and abetting in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846; conspiracy to manufacture, possess with intent to distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; maintaining a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 2; conspiracy to misbrand drug in violation of 18 U.S.C. § 371; conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; mail fraud and aiding and abetting in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; wire fraud and aiding and abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance and a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; possession with intent to distribute a controlled substance and a controlled substance analog to the extent intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; manufacture a controlled substance

analogue to the extent intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(1)(C) and 18 U.S.C. § 2; distribution of a controlled substance analogue and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; maintain a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and possession of a listed chemical with the intent to manufacture a controlled substance analogue intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

### III.  The Motion to Suppress Evidence (ECF No. 44)

The motion to suppress seeks to suppress all evidence obtained during execution of a search warrant at 5435 Desert Point Dr., Suite B, in Las Vegas, Nevada, on July 25, 2012. The motion to suppress argues that the affidavit supporting the search warrant application contained disputed, misrepresented or recklessly made statements, and that without these statements, the affidavit lacked probable cause. Specifically, Galecki argues five paragraphs of the affidavit of Special Agent David Behar are intentionally or recklessly false or misleading, or contain material omissions. He bases his arguments on recent interviews of an employee of a business near the searched premises. The motion requests an evidentiary hearing to address whether information provided by the witness interviewed by a defense investigator represents governmental action violating his Fourth Amendment rights. He also seeks an evidentiary hearing to address factual arguments concerning what he alleges is tainted evidence included in the affidavit. Finally, the motion asks for complete disclosure of all notes, reports, and supporting information regarding any of the government's testifying officers or witnesses prior to the evidentiary hearing.

The government opposes the motion asserting Galecki has failed to establish that he has standing to challenge the search of the warehouse at 5435 Desert Point, Suite B, in Las Vegas, Nevada. The motion does not assert that he had any expectation of privacy in the warehouse. Without standing, he may not challenge the probable cause for the search warrant, or bring a motion for a *Franks* hearing. On the merits, the government argues that Galecki's allegations about deliberate falsehoods or reckless disregard for the truth are specious, conclusory allegations which were not accompanied by an offer of proof. The government contends that

1 Galecki's attack on the informant or concerned business representative who provided
2 information in connection with this investigation fails to meet the *Franks* test. The government
3 also argues that debating the accuracy of isolated statements in the affidavit is at odds with the
4 totality of the circumstances test the court applies to evaluate probable cause in a search warrant.
5 Finally, the government maintains that there is ample probable cause for issuance of the search
6 warrant even if all of the information Galecki's motion challenges was redacted from the
7 warrant.

## DISCUSSION

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347 (1967). The Fourth Amendment protects "people, not places." *Id*. Evidence obtained in violation of the Fourth Amendment, and evidence derived from it may be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963).

To challenge a search and seizure on Fourth Amendment grounds the defendant bears the burden of establishing, under the totality of the circumstances, that the search violated his legitimate expectation of privacy in the place searched or the things seized. *Rakas v. Illinois*, 439 U.S. 128 (1978); *United States v. Davis*, 332 F.3d 1163, 1167 (9th Cir. 2003).

A person must have a reasonable expectation of privacy in the place searched to claim a violation of his or her Fourth Amendment rights. The Supreme Court has enunciated a two-part test to determine whether an expectation of privacy is reasonable and legitimate. *See Katz*, 389 U.S. at 361. First, the individual must have an actual subjective expectation of privacy, and second, society must recognize that expectation as objectively reasonable. *Id*. In *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) the Supreme Court rejected the notion that "any criminal defendant at whom a search was 'directed' would have standing to contest the legality of that search and object to the admission at trial of evidence obtained as a result of the search." *Id*. at 132-33. The Supreme Court held that because Fourth Amendment rights are personal rights, they may not be vicariously asserted. *Id*. at 133-34. Rather the "capacity to claim the protection

of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Id.* at 143. *See also Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (holding that a person present in an apartment for purposes of bagging cocaine had no legitimate expectation of privacy in the searched premises and, therefore, lacked the capacity, or standing, to challenge the constitutionality of the search).

The Ninth Circuit has found that in *Rakas* the Supreme Court explicitly rejected the concepts of "vicarious" or "target" standing to assert Fourth Amendment rights. *United States v. Taketa*, 923 F.2d 665, 670 (9th Cir. 1991). The Ninth Circuit has allowed a defendant to contest a search of a third party's property if he has a reasonable expectation of privacy in the property based on a formal arrangement. *Taketa* at 671 (citing *United States v. Johns*, 851 F.2d 1131, 1135-36 (9th Cir. 1988) (per curiam) (finding a formalized arrangement indicating joint control and supervision supports a legitimate expectation of privacy). Similarly, in *United States v. Pollack*, 726 F.2d 1456, 1467 (9th Cir. 1984), a defendant was allowed to challenge a search of a drug laboratory in his friend's house over which he had "joint control". In *Taketa*, the Ninth Circuit described this line of cases as what might be termed a "co-conspirator exception" to the rule announced in *Rakas* that prohibits a defendant from challenging a violation of another person's Fourth Amendment rights. *Id.* However, the *Taketa* decision recognized that a "co-conspirator exception" allowing a co-conspirator to challenge a Fourth Amendment violation of a co-conspirator's rights "would contravene holdings of the Supreme Court and this circuit." *Id.* at 672.

The Supreme Court's oft cited observation that the Fourth Amendment "protects people, not places," in *Katz* means that to say a defendant lacks Fourth Amendment standing is to say that the defendant's reasonable expectation of privacy has not been infringed. *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009), citing *Taketa* at 669 (internal quotations omitted). The Ninth Circuit has found that property used for commercial purposes is to be treated differently for Fourth Amendment purposes than residential property and has rejected the argument that managerial authority alone is sufficient alone for Fourth Amendment standing. *Taketa* at 67.

To challenge the validity of the search warrant Galecki must show he had a property interest protected by the Fourth Amendment that was interfered with by the search he challenges, or a reasonable expectation of privacy that was invaded by the search. *United States v. Padilla*, 508 U.S. 77, 82 (1993). A person charged with a possessory offense has no "automatic standing" to claim protection under the Fourth Amendment. *United States v. Salvucci*, 448 U.S. 83, 85 (1980) (overruling *Jones v. United States,* 362 U.S. 257 (1960) and holding "defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated.").

In *United States v Sarkisian,* 197 F 3d 966, 987 (9th Cir. 1999) the Ninth Circuit held that a defendant's failure to allege ownership of the items seized was a factor to be considered in determining whether he had a reasonable expectation of privacy, but could not, by itself, defeat standing to challenge a search. In *United States v. Lopez-Cruz*, 730 F 3d 803, 807 (9th Cir. 2013) the Ninth Circuit did not adopt the Fifth Circuit's list of factors to consider in determining standing "as exhaustive" but found that "they are among the factors generally relevant" to standing analysis. These factors are: (1) whether the defendant has a property or possessory interest in the thing seized or the place searched; (2) whether he has the right to exclude others from the place searched or items seized; (3) whether he has shown a subjective expectation in privacy that it would remain free from governmental intrusion; (4) whether he took normal precautions to maintain privacy; and (5) whether he was legitimately on the searched premises or legitimately in possession of the thing seized. *Id.,* citing *United States v Finley,* 477 F 3d 250, 258-59 (5th Cir. 2007).

Galecki's motion to suppress does not address, let alone meet his burden of establishing, under the totality of the circumstances, that the search of the warehouse violated his legitimate expectation of privacy in the place searched or the items seized. Without establishing that he had a subjective expectation of privacy in the place searched and items seized that society recognizes as objectively reasonable Galecki lacks standing or capacity to claim a Fourth Amendment violation. He has not shown that he had any possessory or property interest protected by the Fourth Amendment that was interfered with, or that he had a reasonable expectation of privacy in

1    the searched premises. He has not even attempted to show that any of the non-exhaustive list of
2    factors the Ninth Circuit found appropriate to examine in *Lopez-Cruz* exist.  The fact that he is
3    charged as a co-conspirator with two other defendants does not give him standing to challenge
4    the search or the warrant.

5    Having found Galecki has not met his burden of establishing standing to contest the
6    search or search warrant in this case, the court need not address his remaining arguments.

7    Accordingly,

8    **IT IS RECOMMENDED** that the Motion to Suppress (ECF No. 44) be **DENIED**.

9    DATED this 19th day of September, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE