UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>BENJAMIN GALECKI,<br><br>Defendant. | Case No. 2:15-cr-00285-APG-PAL<br><br>**ORDER**<br><br>(Mot. File Excess Pages – ECF No. 151;<br>Mot. File Under Seal – ECF No. 152) |

This matter is before the court on Defendant Benjamin Galecki's Motion for Leave to File Excess Pages (ECF No. 151) and Motion for Leave to File Exhibits Under Seal (ECF No. 152). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Co-defendants Galecki and Charles Burton Ritchie were initially charged in this district in an eight-count Indictment (ECF No. 1) returned October 13, 2015. A Superseding Indictment (ECF No. 56) was returned August 24, 2016, charging Galecki and Ritchie with the same 26 counts and four corresponding forfeiture allegations.

On April 11, 2017, Ritchie filed a Motion to Dismiss (ECF No. 111) on behalf of himself. Although the motion frequently referred to him, Galecki did not request to join in Ritchie's substantive arguments or brief the issues on his own behalf. Therefore, the undersigned issued a Report of Findings and Recommendation (ECF No. 116) ("R&R") addressing Ritchie individually and recommending that the motion be denied. Mr. Ritchie filed an Objection (ECF No. 133) to the R&R on September 18, 2017, which is pending before the district judge. Mr. Galecki did not request to join in the substantive arguments set forth in Ritchie's Objection, brief the issues on his own behalf, or otherwise request an extension of time to do so.

///

1  Pursuant to the parties' stipulation, the district judge recently extended the pretrial motion
2  deadline until February 23, 2018. Trial in this matter is currently set for May 21, 2018.

## I. MOTION FOR LEAVE TO FILE EXCESS PAGES

Parties must secure the court's permission before filing a brief that exceeds this District's established page limits. *See, e.g.*, *King Co. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001). The Local Rules of Criminal Practice state that motions and responses are limited to 30 pages unless the court orders otherwise. LCR 47-2. Motions to exceed page limits are disfavored; thus, permission to do so is not routinely granted. LR 7-3(c). Such motions must be "accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested" and will only be granted "upon a showing of good cause." *Id*.

Here, Galecki asks the court for leave to file a 51-page motion to dismiss, not including the table of contents and table of authorities. He asserts there is good cause to exceed the 30-page limit because this case involves complex issues, the motion to dismiss includes several grounds for dismissal and also addresses the R&R related to Ritchie's Motion to Dismiss.

Mr. Galecki's motion does not show good cause to exceed the standard 30-page limit. The Local Rules were drafted with knowledge that many—if not most—of the criminal cases under federal jurisdiction involve complex legal questions. Longer page limits merely invite repetitive arguments, verbosity, string citation, and excessive block quotation. In addition, Galecki did not join in the substantive arguments related to Ritchie's Motion to Dismiss (ECF No. 111) and the briefing deadlines on Ritchie's Objection (ECF No. 133) passed months ago. Galecki's stated reasons for exceeding the 30-page limit by 21 pages, more than two-thirds the limitation, do not provide good cause. The motion is denied.

## II. MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Mr. Galecki's motion asks the court for permission to file certain exhibits under seal in relation to his Motion for Specific Discovery (ECF No. 155). The motion states it was filed out of an abundance of caution since the "documents are publicly available online"; however, counsel is informed and believe that another district court ordered that the exhibits be redacted in a different criminal case. The motion references the case, *United States v. Douglas Jason Way*, Case No.

1:14-cr-0101-DAD-BAM, and the electronic case filing, ECF No. 355, but does not specify the district where the case was filed.

Once a document or the information contained in it has entered the public domain, either through presentation at trial or through the parties' commercial activities, judicial secrecy is not appropriate. *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (sealing was not appropriate for names or references that "were either already publicly available or were available in other documents being produced" to the media); *In re Nat'l Consumer Mortg., LLC*, 512 B.R. 639, 642 (D. Nev. 2014) (documents admitted into evidence in open court had "been publicly released" and were therefore unsealed); *Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 608–09 (E.D. Cal. 2013) (information defendant had "freely disclosed elsewhere" did not meet standard for sealing). Given the burden that sealing imposes on the court and, more importantly, the public, parties are obligated to inform the court if the information they ask to file under seal is publicly available, or if previously sealed materials becomes publicly available.

Here, the motion expressly states that the documents Galecki seeks to file under seal are publicly available online. The court appreciates that the motion was filed in an abundance of caution because counsel was aware of an order in another case; however, when documents are "publicly available," a movant "fails to establish that the documents should be placed under seal." *Starkey v. U.S. Dep't of Interior*, 238 F. Supp. 2d 1188, 1196 (S.D. Cal. 2002). As it appears that the documents were sealed at the government's request, the court will give the government an opportunity to filed a response, if it believes the documents should be filed under seal, supported by an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal. The government will be required to meet the standards articulated by the Ninth Circuit in *Kamakana* and its progeny, either good cause or compelling reasons, to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Accordingly,

**IT IS ORDERED:**

1. Defendant Benjamin Galecki's Motion for Leave to File Excess Pages (ECF No. 151) is **DENIED**.
2. Defendant Benjamin Galecki's Motion for Leave to File Exhibits Under Seal (ECF No. 152) is **DENIED without prejudice**.
    a. By **February 26, 2018**, Galecki shall FILE his exhibits *under seal*, LINK the new filing in CM/ECF to the Motion for Specific Discovery (ECF No. 155), and SERVE a copy of the sealed filing on the government. The exhibits shall remain under seal until February 29, 2018.
    b. The government shall have until **February 28, 2018**, to file a response to the Motion for Leave to File Exhibits Under Seal (ECF No. 152).
    c. If the government does not file a response, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 22nd day of February, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE