UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>BENJAMIN GALECKI,<br><br>　　　　　　　　　Defendant. | Case No. 2:15-cr-00285-APG-PAL<br><br>**ORDER** |

This matter is before the court on Defendant Benjamin Galecki's unsanctioned filing of the Motion to Dismiss (ECF No. 160), which violates the court's Order (ECF No. 161) denying his Motion for Leave to File Excess Pages (ECF No. 151).

Parties are required secure the court's permission before filing a brief that exceeds this District's established page limits. *See, e.g.*, *King Co. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001). "*Unless the court orders otherwise*," the Local Rules of Criminal Practice limit motions to 30 pages. LCR 47-2 (emphasis added). Motions to exceed page limits are disfavored; thus, they are not routinely granted. LR 7-3(c). Such motions are only granted "upon a showing of good cause." *Id*. "In the absence of a court order by the deadline for the underlying motion or brief, the motion to exceed page limits is deemed denied." *Id*.

On February 22, 2018, the court signed an Order (ECF No. 161) denying Galecki leave to exceed the standard 30-page limit, and provided the signed order to the court's docketing clerks for entry. Galecki filed his 51-page motion to dismiss at 4:50 PM. The order was entered at 4:53 PM. Thus, he was unaware that the excess page request was denied at the time the motion was filed. However, he did not have a court order authorizing a 51-page motion.

Parties routinely file overly long motions because they think they can get away with it:

This has become a common and rather lamentable practice: Instead of getting leave

1

to file an oversized brief before the deadline, lawyers wait for the last minute to file chubby briefs and dare us to bounce them. Of course, it's hard to decide cases without a brief from one of the parties, and denying the motion usually knocks the briefing and argument schedule out of kilter. Denying the motion is thus more trouble than allowing the brief to be filed and putting up with the additional unnecessary pages. Sly lawyers take advantage of this institutional inertia to flout our page limits with impunity. This encourages disdain for our rules and penalizes lawyers, like petitioner's counsel, who make the effort to comply.

*Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016) (Kozinski, J., dissenting). Such rouge filings demonstrate a disregard for the Local Rules and simply cannot be ignored.

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citation omitted). This includes the power to strike improperly filed items from the docket as a sanction. *Id*. at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct." *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

Because Galecki failed to show good cause to exceed the standard 30-page limit, and filed his oversized motion without permission, the court will instruct the Clerk of the Court to strike the Motion to Dismiss from the docket.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court is instructed to **STRIKE** Defendant Benjamin Galecki's Motion to Dismiss (ECF No. 160) from the court's docket.
2. Galecki may have until **February 26, 2018**, to refile a motion that complies with the Local Rules and the court's Order (ECF No. 161).

Dated this 23rd day of February, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2