UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>v.<br>BENJAMIN GALECKI,<br><br>                  Defendant. | Case No. 2:15-cr-00285-APG-PAL<br><br>**ORDER** |

This matter is before the court on the Government's Response (ECF No. 179) to the court's February 22, 2018 Order (ECF No. 161) instructing counsel to file a memorandum of points and authorities to make a particularized showing why certain documents should remain under seal. *See also* Reply (ECF No. 180). Defendant Benjamin Galecki's Motion to Seal (ECF No. 152) sought leave to file certain exhibits under seal out of an abundance of caution although the motion stated that the documents are publically available online. *See* Sealed Exhibits (ECF No. 175). The documents are referenced as exhibits in Galecki's Motion for Specific Discovery (ECF No. 155).

The government acknowledges that the documents are available online through a website maintained by the Federal Public Defender's Office in the Eastern District of North Carolina ("FPD"). The government also contacted the prosecutor in the case Mr. Galecki cited, *United States v. Douglas Jason Way*, Case No. 1:14-cr-0101, which is pending in the Eastern District of California. Government counsel confirmed that the documents in this case are the same ones filed under seal in the Eastern District of California and available online through the FPD's website. Government counsel does not know where the FPD obtained the documents posted to its website, or whether any individuals violated a protective order by posting those documents.

The government further represents that the documents have been filed under seal in other federal district courts, including a district court within the Ninth Circuit. In those cases,

1

government attorneys successfully argued that the deliberative process privilege protects these documents from public disclosure. Counsel asks this court to consider that the documents have been sealed by other courts. However, the government acknowledges the documents have entered the public domain and counsel is unable to provide good cause for the documents to be sealed in this case.

It is undisputed that the documents have been publically disclosed, and are in the public domain. The government does not contend that the documents were posted in violation of any court order, or that any action has been taken to remove them from the public domain. Sealing may still be appropriate if it is shown that documents were published online in violation of a protective order. However, the government has not made that showing. Having reviewed and considered the matter in accordance with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that the government has not met its burden of establishing good cause for these documents to remain sealed.

**IT IS ORDERED:** the Clerk of the Court shall UNSEAL the Sealed Exhibits (ECF No. 175).

Dated this 7th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE