# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>CHARLES BURTON RITCHIE, et al.,<br><br>Defendants | Case No.: 2:15-cr-00285-APG-GWF<br><br>**Order Denying Motion To Require The Government To Grant Use Immunity**<br><br>[ECF No. 352] |

Defendant Benjamin Galecki moves for an order requiring the Government to grant use immunity to defense witnesses Timothy Dander and Adam Libby. ECF No. 352. Because the Government has not provided use immunity to its own witnesses, it cannot be compelled to grant immunity to the defendants' witnesses.

"The Fifth Amendment does not create a general right for a defendant to demand use immunity for a co-defendant, and the courts must be extremely hesitant to intrude on the Executive's discretion to decide whom to prosecute." *United States v. Straub*, 538 F.3d 1147, 1166 (9th Cir. 2008) (citation omitted). The same applies to demands for immunity for non-party witnesses. The Ninth Circuit has adopted a two-prong test for evaluating a defendant's request for immunity for a defense witness.

> [F]or a defendant to compel use immunity the defendant must show that: (1) the defense witness's testimony was relevant; and (2) either (a) the prosecution intentionally caused the defense witness to invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial.

*Id.* at 1162.

The Government concedes, only for purposes of this motion, that Dander and Libby will testify about relevant matters, thus satisfying the first prong. ECF No. 364 at 4:20-22. On the second prong, there is no suggestion that the Government is or will intentionally cause the witnesses to invoke their Fifth Amendment rights. Rather, it is the defendants' proposed questioning that will lead them to invoke their Fifth Amendment rights. *See* ECF No. 352 at 3:4-11. Thus, Galecki's only basis for his motion is the so-called "selective denial of immunity" analysis of the second prong. That is, whether the Government has granted immunity to a Government witness but denied immunity to a defense witness whose testimony would directly contradict the government's witness. *Id.*

The Government has not granted immunity to any witnesses. ECF No. 364 at 6:1-2. Thus, there has been no selective denial (or grant) of immunity, so the defendants cannot satisfy the second prong of the test. And while Galecki asserts that Dander and Libby's testimony will contradict the *mens rea* element of the charges, he does not identify how their testimony would directly contradict that of any particular government witness.

IT IS THEREFORE ORDERED that the defendants' motion **(ECF No. 352) is DENIED.**

DATED this 5th day of June, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE