# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>BENJAMIN GALECKI,<br><br>    Defendant | Case Nos.: 2:15-cr-00285-APG-EJY<br>2:20-cr-00163-APG-EJY<br>2:20-cr-00164-APG-EJY<br><br>**Order Granting Motion for Compassionate Release**<br><br>[ECF No. 665] |

Defendant Benjamin Galecki was convicted by a jury of various crimes and pleaded guilty to others, all related to marijuana analogue offenses. I sentenced him to 20 years in prison with three years of supervised release to follow. Galecki now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his health issues. ECF No. 665. The Government does not oppose release, but argues that the unserved portion of Galecki's sentence should be added to his term of supervised release and that Galecki should serve all of his approximately 10 years of supervision on home detention. ECF No. 670 at 3.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Galecki's serious health issues, detailed in his motion, constitute extraordinary and compelling reasons for release. *See* ECF No. 665 at 17-22. The Government agrees. ECF No. 670. And I do not consider Galecki to be a danger to the community. 18 U.S.C. § 3553(a); *see*

1    *also* U.S.S.G. § 1B1.13(a)(2) (court must determine that "the defendant is not a danger to the

2    safety of any other person or to the community").  Finally, compassionate release in this instance

3    is consistent with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13.

4    Therefore, I will reduce Galecki's custodial sentence to Time Served.  But in light of the serious

5    nature of the crimes for which he was convicted, I will add a supervised release condition that

6    the first 365 days of supervision must be served on home detention.  The Probation Office will

7    determine the level of monitoring that is appropriate.

8        I THEREFORE ORDER that Benjamin Galecki's motion for compassionate release

9    (ECF No. 665) is granted in part.  Galecki's previously imposed sentence of imprisonment in

10   each of these cases is reduced to **Time Served**.

11       I FURTHER ORDER that this order is stayed for up to 14 days, to allow for the

12   verification of Galecki's residence and establishment of a release plan, to make appropriate

13   travel arrangements, and to ensure Galecki's safe release.  Galecki shall be released as soon as a

14   residence is verified, a release plan is established, appropriate travel arrangements are made, and

15   it is safe for him to travel.  There shall be no delay in completing these tasks.  If more than 14

16   days are needed to accomplish this, the parties shall immediately notify the court and show cause

17   why the stay should be extended.

18       I FURTHER ORDER Galecki to provide to the probation office in the district where he

19   will be released the complete address where he will reside upon release.

20       I FURTHER ORDER Galecki to report to the probation office in the district in which he

21   is released within 72 hours of his release.

22       I FURTHER ORDER that Galecki's previously imposed conditions of supervised release

23   remain in place, with the addition of the following:

You will serve the first 365 days of supervision on **Home Confinement with Location Monitoring**.  You will be monitored by location monitoring technology at the discretion of the probation officer.  You must follow the rules and regulations of the location monitoring program.  You must pay the costs of the program based on your ability to pay.  During this period, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; and other activities as pre-approved by the probation officer.

DATED this 15th day of November, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE