RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
AMY B. CLEARY
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Amy_Cleary@fd.org

Attorneys for Benjamin Galecki

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00285-APG-EJY-2 |
| Plaintiff, | 2:20-cr-00164-APG-EJY-2 |
| v. | **Stipulation to Resolve Forfeiture** |
| BENJAMIN GALECKI, | |
| Defendant. | |

The parties advise they have resolved the forfeiture issues pending before the Court in this case. The United States, Defendant Benjamin Galecki, Ashley Jett, Defendant Burton Ritchie, and Stephanie Ritchie, as well as the respective counsel for these parties, submit that the attached stipulation resolves the forfeiture order entered by this Court (ECF No. 455), the Motion to Stay (ECF No. 570), the Motion to Substitute and to Forfeit Specific Property to apply to the criminal forfeiture money judgment (ECF No. 582), and 2:20-CR-164, ECF No. 29.

Additionally, for purposes of a global resolution of the attendant civil cases, 2:13-CV-100-JCM-EJY, 2:13-CV-947-JCM-EJY, 2:15-CV-350-APG-BNW, Attorneys David L. McGee, John R. Zoesch, III, and Akeem Dhalla have signed

this stipulation. It is the intent of the parties that once this stipulation is approved by the Court, that the government will dismiss the attendant civil cases listed in the stipulation.

As such, the parties respectfully request that the Court approve and sign the attached stipulation.

DATED this 4th day of December, 2023.

RENE L. VALLADARES
Federal Public Defender

*s/Amy B. Cleary*
By_____
AMY B. CLEARY
Assistant Federal Public Defender

2

# EXHIBIT "A"

# EXHIBIT "A"

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**United States District Court**
**District of Nevada**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:15-CR-285-APG-EJY |
| | ) |
| Plaintiff, | ) Stipulation for Entry of Order of Forfeiture as to |
| | ) Charles Burton Ritchie; Benjamin Galecki; |
| v. | ) ZIW, LLC; and Stephanie Ritchie, and Order |
| | ) |
| CHARLES BURTON RITCHIE, | ) |
| a/k/a Burton Ritchie, and | ) |
| BENJAMIN GALECKI, | ) |
| a/k/a Zencense Ben, | ) |
| | ) |
| Defendants | ) |
| UNITED STATES OF AMERICA, | ) 2:20-CR-164-APG-EJY |
| | ) |
| Plaintiff, | ) Stipulation for Entry of Order of Forfeiture as to |
| | ) Charles Burton Ritchie; Benjamin Galecki; |
| v. | ) ZIW, LLC; and Stephanie Ritchie, and Order |
| | ) |
| BENJAMIN GALECKI, | ) |
| | ) |
| Defendant | ) |
| UNITED STATES OF AMERICA, | ) 2:13-CV-100-JCM-EJY |
| | ) 2:13-CV-947-JCM-EJY |
| Plaintiff, | ) |
| | ) Stipulation for Entry of Order of Forfeiture as to |
| v. | ) Charles Burton Ritchie; Benjamin Galecki; |
| | ) ZIW, LLC; and Stephanie Ritchie, and Order |
| $1,002,327.00 IN UNITED STATES | ) |
| CURRENCY seized from Fidelity | ) |
| Investment Account No. xxxxx9730; | ) |
| | ) |
| $46,173.56 IN UNITED STATES | ) |
| CURRENCY seized from Bank of | ) |
| America Account No. xxxxxxx3971; | ) |
| | ) |
| $39,451.60 in UNITED STATES | ) |
| CURRENCY seized from Gulf Coast | ) |

*Stipulation For Resolution of Ritchie's and Galecki's Civil Forfeiture and Criminal Cases, P. 1*

1   Community Bank Account No. xxxx4690 )
                                        )
2   $296,746.66 IN UNITED STATES        )
    CURRENCY seized from Gulf Coast      )
3   Community Bank Account No. xxxx5034  )
                                        )
4   $177,844.68 IN UNITED STATES        )
    CURRENCY seized from Gulf Coast      )
5   Community Bank Account               )
    No. xxxxxx4740;                      )
6                                        )
    2012 Ford F-250 truck, VIN:          )
7   1FT7W2BT1CEC44330; and               )
                                        )
8   2011 Chevrolet 3500 Express Van,     )
    VIN: 1GB3G3CG9B1113885,              )
9                                        )
    _____Defendants._____    )
10                                       )
    UNITED STATES OF AMERICA,            )  2:15-CV-350-APG-BNW
11                                       )
                Plaintiff                )  Stipulation for Entry of Order of Forfeiture as to
12              v.                       )  Charles Burton Ritchie; Benjamin Galecki;
    REAL PROERTY LOCATED AT 260          )  ZIW, LLC; and Stephanie Ritchie, and Order
13  EAST FLAMINGO ROAD, UNIT NO.         )
    205[ALSO KNOWN AS UNIT NO. 233],)
14  LAS VEGAS, NEVADA, 89169 MORE        )
    PARTICULARLY DESCRIBED AS:           )
15                                       )
    PARCEL I:                            )
16  UNIT TWO HUNDRED                     )
    THIRTY-THREE (233) ("UNIT") IN       )
17  BUILDING FOUR (4) ("BUILDING")       )
    AS SHOWN ON THE FINAL PLAT OF)
18  THE MERIDIAN AT HUGHES               )
    CENTER, FILED IN BOOK 49 OF          )
19  PLATS, PAGE 40, IN THE OFFICIAL      )
    RECORDS OF THE COUNTY                )
20  RECORDER, CLARK COUNTY,              )
    NEVADA ("PLAT"), AND AS              )
21  DEFINED AND SET FORTH IN AND )
    SUBJECT TO THAT CERTAIN              )
22  DECLARATION OF COVENANTS,            )
    CONDITIONS AND RESTRICTIONS )
23  FOR THE MERIDIAN AT HUGHES           )
    CENTER, RECORDED JUNE 1, 2005        )
24  AS INSTRUMENT NO. 0001551 IN         )
    BOOK 20050601 OFFICIAL RECORDS,)
25  CLARK COUNTY NEVADA                  )
    ("THE MERIDIAN AT HUGHES             )
26  CENTER DECLARATION");                )
                                        )
27  PARCEL II:                           )
    TOGETHER WITH AN UNDIVIDED )
28  ALLOCATED FRACTIONAL                 )

*Stipulation For Resolution of Ritchie's and Galecki's Civil Forfeiture and Criminal Cases, P. 2*

INTEREST IN AND TO THE                    )
GENERAL COMMON ELEMENTS,                  )
AS SET FORTH IN, AND SUBJECT              )
TO, THE PLAT AND THE MERIDIAN)
AT HUGHES CENTER                          )
DECLARATION;                              )
                                          )
PARCEL III:                               )
TOGETHER WITH AN EXCLUSIVE                )
INTEREST IN AND TO THOSE                  )
LIMITED COMMON ELEMENTS, IF               )
ANY, APPURTENANT TO THE UNIT,)
AS SET FORTH IN, AND SUBJECT              )
TO, THE PLAT AND THE MERIDIAN)
AT HUGHES CENTER                          )
DECLARATION.                              )
                                          )
PARCEL IV:                                )
                                          )
TOGETHER WITH A                           )
NON-EXCLUSIVE EASEMENT OF                 )
REASONABLE INGRESS TO AND                 )
EGRESS FROM THE UNIT, AND OF              )
ENJOYMENT OF THE GENERAL                  )
COMMON ELEMENTS, AS SET                   )
FORTH IN, AND SUBJECT TO, THE             )
PLAT AND THE MERIDIAN AT                  )
HUGHES CENTER DECLARATION,                )
TOGETHER WITH ALL                         )
IMPROVEMETNS AND                          )
APPURTENANCES THEREON,                    )
APN: 162-16-810-479,                      )
                                          )
                Defendant.                )
_____

## I. The Parties

This Stipulation is entered into by the United States of America, through Assistant United States Attorney Daniel Hollingsworth; Charles Burton Ritchie (Ritchie) and ZIW, LLC, through his and its counsel, Shawn R. Perez; Aleem Dhalla, Snell & Wilmer L.L.P.; and David L. McGee, Beggs & Lane, RLLP; Benjamin Galecki (Galecki) and ZIW, LLC, through his and its counsel, Assistant Federal Public Defender Amy B. Cleary; Aleem Dhalla, Snell & Wilmer L.L.P.; David L. McGee and John R. Zoesch, III, Beggs & Lane, RLLP;

Stephanie Ritchie (Stephanie), through her counsel, Nina J. Ginsberg, DiMuro & Ginsberg; David L. McGee, Beggs & Lane, RLLP; and Aleem Dhalla, Snell & Wilmer

L.L.P.; and Galecki; Ashley Jett; and Galecki Enterprises LLC, including Pensacon, LLC, by their and its counsel; David L. McGee, Beggs & Lane, RLLP; and John R. Zoesch III, Beggs & Lane, RLLP.

1. All parties agree this Stipulation shall not constitute an admission of liability, wrongdoing, or fault on the part of Ritchie; Galecki; ZIW, LLC; Ashley Jett; Galecki Enterprises LLC, including Pensacon, LLC; Stephanie Ritchie, and the government. To avoid delay, uncertainty, inconvenience, and expenses of protracted litigation regarding the forfeiture and the substitution and forfeiture, Ritchie; Galecki; ZIW, LLC; Ashley Jett; Galecki Enterprises LLC, including Pensacon, LLC; Stephanie Ritchie; and the government voluntarily and knowingly agree to enter into this Stipulation.

**II. The criminal forfeiture money judgment in 2:15-cr-00285-APG-EJY**

2. The Grand Jury returned a 26-Count Superseding Indictment against Ritchie and Galecki, ECF No. 56. On July 3, 2019, the Jury found Ritchie and Galecki guilty of Counts 1-19 and 22-26. Superseding Indictment, ECF No. 56; Jury Verdict, ECF No. 439; Minutes of Jury Trial, ECF No. 442.

3. On August 2, 2019, this Court determined Ritchie and Galecki were each "individually liable for the full amount of the $2,534,319.62 forfeiture money judgment," Forfeiture Order, ECF No. 455, p. 4, and the following property was forfeited:

   a. Property 1: $75,082.76 of Fidelity Investment Brokerage Account, No. xxxxx9730;
   b. Property 2: $294,151 in funds in Ritchie's Gulf Coast Community Bank Account, No. xxxxxx5034;
   c. Property 3: $177,844.68 in funds in ZIW's Gulf Coast Community Bank Account, No. xxxxxx4740;
   d. Property 4: $46,173.56 funds in Ritchie's Bank of America Account, No. xxxxxx3971;
   e. Property 5: 2011 Chevrolet 3500 Express Van (Van), VIN 1GB3G3CG9B1113885, paid with a $17,000 check from ZIW's Account No. xxxxxx4740 and $5,000 credit card down payment; and
   f. Property 6: Condominium at 260 East Flamingo Road, Unit No. 205, Las Vegas, Nevada, 89169, purchased with a wire transfer from ZIW's Account No. xxxxxx4740 for $137,567.86 (Condominium).

4. On August 27, 2019, the government filed a proposed Preliminary Order of Forfeiture, ECF No. 465, and this Court did not sign and enter it.

5. This Court stayed the execution of the forfeited assets. ECF No. 570.

6. On September 1, 2020, the government filed a proposed Amended Preliminary Order of Forfeiture, ECF No. 580.

7. The government filed a Motion to Substitute and to Forfeit specific property to apply to the criminal forfeiture money judgment. ECF No. 582. The government requested the following assets to be substituted and forfeited:

a. $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number 00003305034 (Ritchie's GCCB account 5034);

b. $39,451.60 from Gulf Coast Community Bank account number 00001304690 (Psychedelic Shack GCCB account 4690);

c. Ford F-250 Pickup Truck, VIN: 1FT7W2BT1CEC44330 (Ford F-250);

d. Any and all funds from Stephanie Ritchie Fidelity Investment Brokerage account number 648169730 (Fidelity account 9730) minus Ms. Ritchie's portion and its appreciation, which of the total amount in the account is 11.916%;

e. The property located at 433 Shiloh Drive, Pensacola, Florida, together with all improvements and appurtenances thereon and more particularly described as: Lot 2, Block B of OAKFIELD ACRES PARCEL 8, according to the Plat thereof as recorded in Plat Book 6, Page(s) 46, of the Public Records of Escambia County, Florida; Parcel Identification Number: 351S30-4500-002-002; (433 Shiloh Drive); and

f. Commercial property located at 401 N Tarragona St, Pensacola, Florida, together with all improvements and appurtenances thereon and more particularly described as: The East 95 feet of Lot 17, Belmont Numbering, Block 86, Belmont Tract. Section 19, Township 2 South, Range 30 West, Escambia County, Florida. AND Lots 18, 19, 20, 21, 22, and 23, Block 86, East King Tract, Belmont Numbering, City of Pensacola, according to map of said City copyrighted by Thomas C. Watson, of the Public Records of Escambia County, Florida. Property Identification Numbers 000S009010017086, 000S009010018086, 000S009010020086, and 000S009010021086 (401 N Tarragona).

8. On September 9, 2020, this Court held the Sentencing Hearing as to Ritchie and Galecki and ordered that the Forfeiture Orders are executed. Sentencing Hearing, ECF No. 588. On September 9, 2020, this Court signed the Amended Preliminary Order of Forfeiture and entered it on September 11, 2020, ECF No. 589.

9. On September 15, 2020, this Court entered the Judgment as to Ritchie with the attached Amended Preliminary Order of Forfeiture, ECF No. 591. On September 16, 2020, this Court entered the Judgment as to Galecki with the attached Amended Preliminary Order of Forfeiture, ECF No. 593.

/ / /

10. On January 26, 2021, the government submitted, and this Court has not signed or entered the Final Order of Forfeiture that included enforcing the stay pending the appeal, ECF No. 628.

11. Ritchie did not respond to Final Order of Forfeiture or the motion to substitute and to forfeit.

12. Galecki did not respond to the Final Order of Forfeiture and obtained unopposed extensions of time to respond to the substitution and forfeiture motion.

**III. The criminal forfeiture money judgment in 2:20-cr-00164-APG-EJY.**

13. On August 10, 2020, the government submitted the proposed Preliminary Order of Forfeiture as to Galecki, ECF No. 7.

14. On August 19, 2020, Galecki pled guilty to Count One of a One-Count Criminal Information charging him with unlawful monetary transactions in violation of 18 U.S.C. § 1957. Criminal Information, ECF Nos. 2-2 and 15; Plea Agreement, ECF No. 16; Change of Plea, ECF No. 27. Additionally, this Court gave Galecki until the close of business on August 20, 2020, to approve the Preliminary Orders of Forfeiture in this case. Change of Plea, ECF No. 27. Galecki did not respond to this Court regarding the Preliminary Order of Forfeiture. On August 21, 2020, this Court entered the Preliminary Order of Forfeiture, ECF No. 11.

15. On August 28, 2020, the government submitted the proposed Final Order of Forfeiture, ECF No. 24. On September 2, 2020, the government submitted a Motion to Substitute and to Forfeit Property as to Galecki, ECF No. 29. On September 9, 2020, this Court held the Sentencing Hearing for Galecki and ordered that the Forfeiture Order is executed. Sentencing Hearing, ECF No. 36. On September 9, 2020, this Court signed the Final Order of Forfeiture and entered it on September 11, 2020, for an in personam criminal forfeiture money judgment of $30,000, ECF No. 39.

16. On September 15, 2020, this Court entered the Judgment as to Galecki with the attached Final Order of Forfeiture, ECF No. 41.

/ / /

**IV. Fidelity Brokerage Account, No. xxxxx9730, Property 1.**

17. All Parties stipulate 100% of the total sums in the Fidelity Investment Brokerage Account, including all appreciation, shall be liquidated, treated as a substituted and forfeited asset, and apportioned to Ritchie. This liquidated, substituted, and forfeited subsumes the $75,082.76 in Property 1 this Court ordered to be forfeited. All Parties also stipulate that once the Fidelity Investment Brokerage Account is liquidated, Stephanie can close or maintain the account.

**V. Distribution order of assets to be used to satisfy the $2,534,319.62 and the $30,000 criminal forfeiture money judgments.**

18. All Parties stipulate to the specific distribution order in which the assets, funds, property, and real property are to be used to satisfy the criminal forfeiture money judgments of $30,000 (represents Galecki's separate criminal forfeiture money judgment in Case No. 2:20-cr-00164-APG-EJY, Case No. No. 4:15-cr-18 E.D. Va.) and $2,534,319.62 if the direct criminal appeals of Ritchie and Galecki in Case No. 2:15-cr-00285-APG-EJY and any requests for discretionary relief in those direct criminal appeals are resolved completely against them.[1] All parties also stipulate the government can also pursue any direct appeals and discretionary relief.

19. The agreed distribution order is as follows:

First,         $294,151.00, Property 2.
Second,        $177,844.68, Property 3.
Third,         $46,173.56, Property 4.
Fourth,        the additional $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number xxxxxx5034 will be a substitute asset that will be liquidated and applied to the criminal forfeiture money judgment.
Fifth,         the $39,451.60 from Gulf Coast Community Bank account number xxxxxxx4690 will be a substitute asset that will be liquidated and applied to the criminal forfeiture money judgment.
Sixth,         100% of Property 1, the Fidelity Investment Brokerage Account, No. xxxxx9730, will be a substitute asset that will be liquidated and applied to the criminal forfeiture money judgment but only for the sum needed to satisfy both forfeiture money judgments.

---

[1] The parties agree that references to discretionary relief means direct appeals, including a petition for panel rehearing or suggestion en banc and a direct appeal to the United States Supreme Court but does not include requests for any collateral review, including, but not limited to, habeas corpus relief under 28 U.S.C. § 2255.

Seventh,        Condominium, Property 6, if needed.

20. All Parties stipulate the resulting 100% liquidation sum of the Fidelity Brokerage Account, No. xxxxx9730, Property 1, shall be held in reserve in the United States Treasury Suspense Account in the amount needed to satisfy the $2,534,319.62 criminal forfeiture money judgment and the $30,000 criminal forfeiture money judgment. To determine the sum of Property 1 to be held in the United States Treasury Suspense Account, the parties agree:

A. The criminal forfeiture money judgment shall be paid by

    1. the following forfeited property:

        (a)    $294,151.00, Property 2;
        (b)    $177,844.68, Property 3;
        (c)    $46,173.56, Property 4; and

    2. the following substituted and forfeited property:

        (a)    $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number xxxxxx5034; and
        (b)    $39,451.60 from Gulf Coast Community Bank account number xxxxxxx4690.

B. The amount of liquidated Property 1 to be held in reserve shall include:

    1. the estimated capital gains taxes for the liquidation of Property 1 as calculated by the average sum between the sums furnished in good faith by Ritchie's tax expert and Stephanie's tax expert will be held in reserve;
    2. the storage fees and other accumulated costs stemming from the government's seizure of the Van, Property 5, but excluding the storage fees and other accumulated costs stemming from the government's seizure of Ritchie's Ford F-250;
    3. Galecki's separate $30,000 criminal forfeiture money judgment in Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.), (collective forfeiture amount); and
    4. the criminal money judgment of $2,534,319.62.

The sum remaining after applying the assets identified in 20(A)(1)-(2) and adding the sums in 20(B)(1)-(4) reflect the portion of Liquidated Property 1 to be held in reserve with the United States Treasury Suspense Account for both criminal forfeiture money judgments and the taxes to pay on liquidation.

All sums remaining after the distributions of the liquidated Property 1 described in Paragraphs 20 are to be sent to Attorney Shawn R. Perez for deposit into Perez's IOLTA,

Account, wherein Perez will maintain that sum for distribution to Ritchie or his designee for Ritchie's immediate use and as directed by Ritchie in writing. If the estimated capital gains taxes for the liquidation of Property 1 as calculated by the average sum between the sums furnished in good faith by Ritchie's tax expert and Stephanie's tax expert to be held in reserve are not enough to pay the capital gains tax, Ritchie, and Ritchie alone, will be responsible for any additional captia1 taxes for the liquidation of Property 1; Stephanie will not be responsible for any additional capital gain taxes for the liquidation of Property 1.

21. All Parties stipulate the government shall pay all storage fees and reasonable costs associated with the F-250's seizure necessary to release the Ford F-250 to Ritchie or his designee within a reasonable time for the government after the Court enters its order of this Stipulation on the docket.

22. All Parties stipulate Ritchie and Galecki shall pay all storage fees and reasonable costs associated with the Van seizure and forfeiture as part of the collective forfeiture amount.

23. All Parties stipulate the real property, Condominium, Property 6, will be liquidated as forfeited only to the extent necessary to satisfy the collective forfeiture amount if the 100% of the liquidated funds in Property 1 are insufficient to do so.

24. All Parties stipulate that if the 100% liquidation is not sufficient to pay the collective forfeiture amount, Ritchie and Galecki will still be liable for the remaining amount of the collective forfeiture amount, and the government will pursue other assets, including those listed in paragraph 7(e) and (f).

25. All Parties stipulate to lift the stay and to allow the government to sell the 2011 Chevrolet 3500 Express Van, VIN 1GB3G3CG9B1113885, Property 5, and apply the net sale proceeds to all storage fees and reasonable costs associated with the Van seizure and forfeiture that the government incurred over the years. If the net sale proceeds will not be sufficient to pay the costs, which will most likely occur, the collective forfeiture amount will be used to pay the rest of the storage fees and reasonable costs as discussed above.

*Stipulation For Resolution of Ritchie's and Galecki's Civil Forfeiture and Criminal Cases, P. 9*

**VI. Manner of liquidating and securing funds for government during Ritchie's and Galecki's direct appeal.**

26. Ritchie and Galecki appealed their criminal convictions arising out of the District of Nevada in Case No. 2:15-cr-00285, from which the $2,534,319.62 criminal forfeiture money judgment arises. Their direct appeals are consolidated and pending a decision in the Ninth Circuit Court of Appeals. *See United States v. Ritchie*, 20-10296 (9th Cir.); *United States v. Galecki*, 20-10288 (9th Cir.). The Parties stipulate the criminal forfeiture money judgment, storage fees, and reasonable costs associated with the forfeitures cannot be distributed to the United States unless and until Ritchie's and Galecki's direct appeals and discretionary relief are final, except the Van, Property 5.

27. All Parties stipulate that if Ritchie's or Galecki's convictions in Case No. 2:15-cr-00285 are reversed, vacated, and remanded for a new trial in whole in their direct appeal or through discretionary relief, the forfeitures and the criminal forfeiture money judgment are rendered void because they are based on the criminal convictions under forfeiture law.

28. All Parties stipulate that if Ritchie's or Galecki's convictions in Case No. 2:15-cr-00285 are reversed, vacated, and remanded in part in their direct appeal or through discretionary relief, this Court will reconsider whether the forfeitures, the forfeiture judgment, and this Stipulation between the government, Ritchie, and Galecki remain supported by the remaining convictions, are partially supported, or are void based on the appellate decision with Ritchie's, Galecki's, and the government's briefings and the government's decision to litigate the criminal case further under forfeiture law.

29. All Parties stipulate that if Ritchie's and Galecki's convictions in Case No. 2:15-cr-00285 are affirmed in their direct appeals and discretionary relief, the forfeitures, the substitution and forfeiture, and the criminal forfeiture money judgment remain and may be executed as set forth herein under forfeiture law.

30. All Parties stipulate Galecki's $30,000 separate forfeiture judgment in Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.) is not affected by the direct

appeals in this case and may be executed as set forth herein, allowing the government to transfer the $30,000 from the collective forfeiture amount in the United States Treasury Suspense Account to United States Treasury Forfeiture Fund.

31. All Parties stipulate all capital gains tax owed by Ritchie and Stephanie because of the liquidation of 100% of Property 1 are also not affected by the direct appeals and discretionary relief in Case No. 2:15-cr-00285 and will be paid out of the of the collective forfeiture amount as set forth herein.

32. After the Court enters the order adopting this stipulation, all Parties stipulate the government shall advise Fidelity to liquidate 100% of Property 1, the Fidelity Investment Brokerage Account, No. xxxxx9730, when Attorney Shawn R. Perez directs as informed by Ritchie to do so in writing.

33. Ritchie and Stephanie, within the 45 days of signing this Stipulation, will have their respective tax professionals provide the average sum between the sums furnished in good faith estimates of the capital gains by Ritchie's tax expert and Stephanie's tax expert that will be owed for the liquidation of Fidelity Investment Brokerage Account, No. xxxxx9730, Property 1, to satisfy Paragraph 20(B)(1), to the government via Assistant United States Attorney Daniel D. Hollingsworth.

34. The government will, within a reasonable time after this Stipulation is approved by the Court, sell the Van, Property 5.

35. All Parties agree the Condominium, Property 6, is separately resolved as follows. If there are insufficient funds in the United States Treasury Suspense Account to pay the collective forfeiture amount, the government will sell the Condominium, Property 6, for the current market value, determined by the United States Treasury's independent contractor that will obtain a full appraisal based on the market at the time of the sale. Any excess funds from such sale will be returned to the person from whom the Condominium was seized. If the Condominium is not required to satisfy the collective forfeiture amount, the government will return the Condominium to the person from whom it was seized under forfeiture cases, law, procedures, and rules.

**VII. Payment of Galecki's criminal forfeiture money judgment in Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.).**

36. All Parties stipulate that if the United States Treasury Suspense Account is sufficiently funded by liquidation of 100% of Property 1; plus the net sale proceeds of the Condominium, Property 6, if necessary, the government may execute the forfeiture order for the $30,000 in Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.) by transferring the $30,000 from the United States Treasury Suspense Account to the United States Forfeiture Fund.

37. The provisions of paragraph 36 do not depend on the resolution of Ritchie's and Galecki's pending direct appeals.

38. All Parties stipulate that after satisfaction of the collective forfeiture amount and the capital gains taxes owed due to the liquidation of Property 1, is transferred from the United States Treasury Suspense Account to the United States Treasury Forfeiture Fund and to IRS for taxes, if any excess funds exist in the United States Treasury Suspense Account from this case, the government will transfer to an account Attorney Shawn R. Perez for deposit into Perez's IOLTA Account, according to the last paragraph in 20. Ritchie knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made under this Stipulation, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Stipulation do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Attorney Shawn R. Perez, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

Attorney Shawn R. Perez will fill out an ACH form for the money to be transferred to his account.

**X. Timing and manner for transferring funds to the government for forfeiture orders**.

39. All Parties stipulate that within 30 days of the final resolution against the complete interests of Ritchie's and Galecki's direct appeals in the Ninth Circuit, Case Nos. 20-10296, 20-10288, and any requests for discretionary relief, the government may transfer funds from the United States Treasury Suspense Account to the United States Treasury Forfeiture Fund to pay the collective forfeiture amount, except Galecki's $30,000 money judgment in the other criminal case will have already been paid.

40. All Parties stipulate that within 30 days of the resolution against part of the interests of Ritchie's and Galecki's direct appeals in the Ninth Circuit, Case Nos. 20-10296, 20-10288, and any requests for discretionary relief, and this Court's finding of a basis to support the forfeiture, the government may transfer the funds from the United States Treasury Suspense Account to the United States Treasury Forfeiture Fund to pay the collective forfeiture amount, except Galecki's $30,000 money judgment in the other criminal case will have already been paid.

41. All Parties stipulate that until the criminal forfeiture money judgments are paid in full, Ritchie and Galecki will still be liable for the remaining amounts owed.

**XI. Termination of related civil suits**

42. All Parties stipulate that upon the execution of this Stipulation and its filing in this Court, the following civil forfeiture in rem actions: Case Nos. 2:13-CV-100-JCM-EJY, 2:13-CV-947-JCM-EJY, and 2:15-CV-350-APG-BNW will be terminated with prejudice in the District of Nevada.

43. All Parties stipulate to bear his, her, or its own attorneys' fees, expenses, interests, and costs, relating to the civil forfeiture in rem actions and the civil forfeiture seizure warrants.

/ / /

/ / /

## XII. Costs, Expenses, Attorneys' Fees

44. All Parties stipulate Ritchie will pay the storage fees and other accumulated costs stemming from the government's seizure of Property 5, the Van, from the United States Treasury Suspense Account.

45. All Parties stipulate the government will pay the storage fees and other accumulated costs stemming from the government's seizure of Ritchie's Ford F-250.

46. Each Party stipulates to bear his, her, or its own attorneys' fees, expenses, interests, and costs, relating to the civil forfeiture in rem actions and the civil forfeiture seizure warrants.

47. Each Party stipulates to bear his, her, or its own attorneys' fees, expenses, interests, and costs related to the criminal cases.

48. All Parties stipulate Ritchie is responsible for all associated costs in the maintaining and liquidating of assets, such as commissions, sales tax, storage fees, etc., when the government liquidates 100% of the funds in the Fidelity Investment Brokerage Account No. xxxxx9730, Property 1.

## XIII. Forfeiture, Constitutional Rights, Waivers, Appeals, and Warrants

49. All Parties stipulate the criminal forfeiture money judgment amounts comply with *United States v. Lo*, 839 F.3d 77 (9th Cir. 2016); *Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2020); *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021); *United States v. Fujinaga*, No. 19-10222, No. 21-10155, 2022 WL 671018, 6 (9th Cir. Mar. 7, 2022).

50. All Parties stipulate Ritchie and Galecki are not held jointly and severally liable for the criminal forfeiture money judgment of $2,534,319.62 in 2:15-cr-00285-APG-EJY under the forfeiture statutes and cases.

51. All Parties, except the government, stipulate to waive any constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgment, and the substitution and forfeiture of their other assets in any proceedings under *Honeycutt*, *Thompson*, *Prasad*, and *Fujinaga*.

52. All Parties stipulate the government's collection of the criminal forfeiture money judgment amount as to Ritchie and Galecki will not exceed $2,534,319.62 in 2:15-cr-00285-APG-EJY under the forfeiture statutes and cases.

53. All Parties stipulate the government's collection of the criminal forfeiture money judgment amount as to Galecki will not exceed $30,000 in 2:20-cr-00164-APG-EJY under the forfeiture statutes and cases.

54. All Parties, except the government, stipulate to waive the statute of limitations, laches, venue, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, the forfeiture notice in the charging document, this Court advising defendant of the forfeiture at the change of plea, this Court having a forfeiture hearing, this Court making factual findings regarding the forfeiture, this Court announcing the forfeiture at the change of plea and sentencing, this Court attaching the Forfeiture Order to the Judgments in a Criminal Case, the substitution and forfeiture of their other assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgments, and the substitution and forfeiture of their other assets in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

55. All Parties, except the government, stipulate to waive any constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgment, and the substitution and forfeiture of their other assets in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

56. All Parties, except the government, stipulate to waive any constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgment, and the substitution and forfeiture of their other assets in any proceedings, including, but not limited to, the Excessive Fines Clause and the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution.

/ / /

57. All Parties stipulate to the entry of the previous Orders of Forfeiture of the property and the criminal forfeiture money judgments and the Final Order of Forfeiture to the United States in Case No. 2:15-cr-00285-APG-EJY and Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.) because Ritchie and Galecki did not challenge them before this Court or on direct appeal and the discretionary relief.

58. All Parties stipulate to waive any appeal of any future Orders of Forfeiture of the property, Substitution and Forfeiture Order, the criminal forfeiture money judgments, and Final Orders of Forfeiture to the United States in Case No. 2:15-cr-00285-APG-EJY and Case No. 2:20-cr-00164-APG-EJY-2 (Case No. 4:15-cr-18 E.D. Va.) because Ritchie and Galecki did not challenge them previously before this Court or on direct appeal and the discretionary relief, except Galecki's challenge to the proposed Substitution and Forfeiture Order.

59. All Parties stipulate that direct appeals and discretionary relief causes reversal or remand in part or in whole, all Parties have the right to appeal this Court's subsequent forfeiture decisions.

60. All Parties stipulate the criminal forfeiture of the property, the criminal forfeiture money judgments, and the substitution and forfeiture of the assets to satisfy the criminal forfeiture money judgments shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or other penalty this Court has imposed or may impose upon Ritchie and Galecki in addition to the forfeiture.

61. All Parties stipulate if sufficient funds cannot be obtained through this stipulation and the proposed sale of property mentioned above, the government and the United States District Court of Nevada reserves the right to pursue additional assets and property of Ritchie and Galecki, including 433 Shiloh Drive and 401 N Tarragona, until the forfeiture money judgments are fully collected under Fed. R. Crim. P. 32.2 and 21 U.S.C. 853(p).

62. All Parties stipulate that on the government's motion, this Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include

/ / /

subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and (e).

63. All Parties stipulate to take all steps as requested by the United States to pass clear title of the property and of any forfeitable assets which may be used to satisfy the criminal forfeiture money judgments to the United States and to testify truthfully in person or by declaration in any judicial forfeiture proceedings.

64. All Parties, except the government, stipulate to hold harmless the United States; the United States Department of Justice; the United States Attorney's Offices for the District of Nevada, the Eastern District of Virginia, and the Southern District of Alabama; the United States Department of Homeland Security; the United States Drug Enforcement Administration; the United States Department of the Treasury; the Internal Revenue Service; the Internal Revenue Service-Criminal Investigation; the Federal Bureau of Investigation; the City of Boulder City; the City of Henderson; the City of North Las Vegas; the City of Las Vegas; the County of Clark; and their agencies, their agents, their officers, and their employees from any claim made by them or any third party arising from the facts and circumstances of the aforementioned cases regarding the forfeiture of the property, the criminal forfeiture money judgments, and the substitution and forfeiture of their other assets.

65. All Parties stipulate to release and forever discharge the United States; the United States Department of Justice; the United States Attorney's Offices for the District of Nevada, the Eastern District of Virginia, and the Southern District of Alabama; the United States Department of Homeland Security; the United States Drug Enforcement Administration; the United States Department of the Treasury; the Internal Revenue Service; the Internal Revenue Service-Criminal Investigation; the Federal Bureau of Investigation; the City of Boulder City; the City of Henderson; the City of North Las Vegas; the City of Las Vegas; the County of Clark; and their agencies, their agents, their officers, and their employees their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that All Parties except the government now

have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property, the criminal forfeiture money judgments, and the substitution and forfeiture of their other assets, civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

66. This Stipulation contains the entire agreement between the government and All Parties.

67. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

68. All Parties stipulate to the conditions set forth in this Stipulation.

69. Each Party stipulates and warrants that his, her, or its execution of this Stipulation is free and is voluntary.

70. All Parties stipulate no changes to this Stipulation may be made unless all Parties agree in writing.

71. All Parties signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and entities, on whose behalf they are signing, to the terms of the Stipulation.

72. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

73. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

_____
CHARLES BURTON RITCHIE

DATED: _____

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

DIMURO & GINSBERG

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Stephanie Ritchie

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: _____

_____
STEPHANIE RITCHIE

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
JOHN R. ZOESCH III
Counsel for Benjamin Galecki
Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: _____

1

RENE L. VALLADARES
Federal Public Defender

BENJAMIN GALECKI
Member, ZIW, LLC,

2

3

_____
AMY B. CLEARY
Assistant Federal Public Defender
Counsel for Benjamin Galecki for forfeiture
in the District Court

BENJAMIN GALECKI
Member, ZIW, LLC,

4

DATED: _____

5

6

DATED: _____

Member, Galecki Enterprises LLC, and
Pensacon, LLC,

7

BEGGS & LANE, RLLP

BENJAMIN GALECKI

8

9

_____
JOHN R. ZOESCH III
Counsel for Ashley Jett Galecki
Enterprises LLC, and Pensacon, LLC,

BENJAMIN GALECKI
Member, Galecki Enterprises LLC, and
Pensacon, LLC,

10

11

DATED: _____

DATED: _____

12

_____
BENJAMIN GALECKI

ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

13

DATED: _____

14

15

_____
ASHLEY JETT

_____
ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

16

DATED: _____

DATED: _____

17

JASON M. FRIERSON
United States Attorney

18

19

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

20

21

DATED: _____

22

23

24

**IT IS SO ORDERED:**

25

26

_____
ANDREW P. GORDON
United States District Judge

27

28

DATED: _____

1  RENE L. VALLADARES
   Federal Public Defender

2

3  _____
   AMY B. CLEARY
   Assistant Federal Public Defender

4  Counsel for Benjamin Galecki for forfeiture
   in the District Court

5
   DATED: _____
6

7  BEGGS & LANE, RLLP

8  _____
   JOHN R. ZOESCH III

9  Counsel for Ashley Jett Galecki
   Enterprises LLC, and Pensacon, LLC,

10
    DATED: _____
11

12 _____
   BENJAMIN GALECKI

13 DATED: _____

14 _____
   ASHLEY JETT

15 DATED: _____

16

17

18

19

20

21

22

23

24

25

26

27

28

BENJAMIN GALECKI
Member, ZIW, LLC,

_____
BENJAMIN GALECKI
Member, ZIW, LLC,

DATED: _____

Member, Galecki Enterprises LLC, and
Pensacon, LLC,

BENJAMIN GALECKI

_____
BENJAMIN GALECKI
Member, Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: _____

ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

_____
ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

DATED: _____

JASON M. FRIERSON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

DATED: ___ December 4, 2023 ___

**IT IS SO ORDERED:**

_____
ANDREW P. GORDON
United States District Judge

DATED: _____

1  RENE L. VALLADARES
   Federal Public Defender

2

3  AMY B. CLEARY
   Assistant Federal Public Defender

4  Counsel for Benjamin Galecki for forfeiture
   in the District Court

5  DATED: __11- 30-23__

6    .

7  BEGGS & LANE, RLLP

8

9  JOHN R. ZOESCH III
   Counsel for Ashley Jett Galecki

10 Enterprises LLC, and Pensacon, LLC,

   DATED: _____

11

12 BENJAMIN GALECKI

13 DATED: __11/30/23__

14
   ASHLEY JETT
15
   DATED: __11/30/2023__

16

17

18

19

20

21

22

23

24

25

26

27

28

BENJAMIN GALECKI
Member, ZIW, LLC,

BENJAMIN GALECKI
Member, ZIW, LLC,

DATED: __11/30/23__

Member, Galecki Enterprises LLC, and
Pensacon, LLC,

BENJAMIN GALECKI

BENJAMIN GALECKI
Member, Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: __11/30/23__

ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

ASHLEY JETT
Member, Galecki Enterprises LLC,
and Pensacon, LLC,

DATED: __11/30/2023__

JASON M. FRIERSON
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

DATED: _____

IT IS SO ORDERED:

ANDREW P. GORDON
United States District Judge

DATED: _____

*Stipulation For Resolution of Ritchie's and Galecki's Civil Forfeiture and Criminal Cases, P. 20*

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: 12/4/23

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: 12/4/23

_____
CHARLES BURTON RITCHIE

DATED: 12/4/23

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

DATED: 12/4/23

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

DIMURO & GINSBERG

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Stephanie Ritchie

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: 12/4/23

_____
STEPHANIE RITCHIE

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: 12/4/23

BEGGS & LANE, RLLP

_____
JOHN R. ZOESCH III
Counsel for Benjamin Galecki
Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: 12/4/2023

Stipulation For Resolution of Ritchie's and Galecki's Civil Forfeiture and Criminal Cases, P. 19

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

DIMURO & GINSBERG

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

DATED: _____

SNELL & WILMER L.L.P.

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

_____
ALEEM DHALLA
Counsel for Stephanie Ritchie

DATED: _____

DATED: _____

BEGGS & LANE, RLLP

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: _____

DATED: _____

_____
CHARLES BURTON RITCHIE

_____
STEPHANIE RITCHIE

DATED: _____

DATED: 1 December 2023

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

BEGGS & LANE, RLLP

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

DATED: _____

SNELL & WILMER L.L.P.

BEGGS & LANE, RLLP

_____
ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

_____
JOHN R. ZOESCH III
Counsel for Benjamin Galecki
Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: _____

DATED: _____

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

_____
CHARLES BURTON RITCHIE

DATED: _____

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

DIMURO & GINSBERG

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Stephanie Ritchie

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: _____

_____
STEPHANIE RITCHIE

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
JOHN R. ZOESCH III
Counsel for Benjamin Galecki
Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: _____

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

*/s Aleem Dhalla*

ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: 12/4/2023

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

_____
CHARLES BURTON RITCHIE

DATED: _____

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

*/s Aleem Dhalla*

ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

DIMURO & GINSBERG

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

SNELL & WILMER L.L.P.

*/s Aleem Dhalla*

ALEEM DHALLA
Counsel for Stephanie Ritchie

DATED: 12/4/23

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: _____

_____
STEPHANIE RITCHIE

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
JOHN R. ZOESCH III
*Counsel for Benjamin Galecki*
Galecki Enterprises LLC, and
Pensacon, LLC,

74. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

Law Offices of Shawn R. Perez

_____
Shawn R. Perez
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Charles Burton Ritchie
and ZIW, LLC,

DATED: 12/4/23

_____
CHARLES BURTON RITCHIE

DATED: _____

CHARLES BURTON RITCHIE
Member, ZIW, LLC,

_____
CHARLES BURTON RITCHIE
Member, ZIW, LLC,

DATED: _____

SNELL & WILMER L.L.P.

_____
ALEEM DHALLA
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: _____


DIMURO & GINSBERG

_____
NINA J. GINSBERG
Counsel for Stephanie Ritchie

DATED: _____

SNELL & WILMER L.L.P.

ALEEM DHALLA Counsel for
Stephanie Ritchie

DATED:
_____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Stephanie Ritchie

DATED: 12/4/23

_____
STEPHANIE RITCHIE

DATED: _____

BEGGS & LANE, RLLP

_____
David L. McGee
Counsel for Benjamin Galecki
and ZIW, LLC,

DATED: 12/4/23

BEGGS & LANE, RLLP

_____
JOHN R. ZOESCH III
Counsel for Benjamin Galecki
Galecki Enterprises LLC, and
Pensacon, LLC,

DATED: 12/4/2023

1    RENE L. VALLADARES
     Federal Public Defender

2                                                     BENJAMIN GALECKI
                                                      Member, ZIW, LLC,
3    _____
     AMY B. CLEARY                                    _____
4    Assistant Federal Public Defender               BENJAMIN GALECKI
     Counsel for Benjamin Galecki for forfeiture     Member, ZIW, LLC,
5    in the District Court
                                                      DATED: _____
6    DATED: _____

7    BEGGS & LANE, RLLP                               _____
                                                      Member, Galecki Enterprises LLC, and
8                                                     Pensacon, LLC,

9    _____                 BENJAMIN GALECKI
     JOHN R. ZOESCH III
10   Counsel for Ashley Jett Galecki                  _____
     Enterprises LLC, and Pensacon, LLC,             BENJAMIN GALECKI
11                                                    Member, Galecki Enterprises LLC, and
     DATED: 1/4/2023                                  Pensacon, LLC,
12
                                                      DATED: _____
13   _____
     BENJAMIN GALECKI                                 ASHLEY JETT
14                                                    Member, Galecki Enterprises LLC,
     DATED: _____                     and Pensacon, LLC,
15
                                                      _____
16   _____                 ASHLEY JETT
     ASHLEY JETT                                      Member, Galecki Enterprises LLC,
17                                                    and Pensacon, LLC,
     DATED: _____
18                                                    DATED: _____

19                                                    JASON M. FRIERSON
                                                      United States Attorney
20
                                                      _____
21                                                    DANIEL D. HOLLINGSWORTH
                                                      Assistant United States Attorney
22
                                                      DATED: _____
23

24

25                                                    **IT IS SO ORDERED:**

26

27                                                    _____
                                                      ANDREW P. GORDON
28                                                    United States District Judge

                                                      DATED: December 5, 2023_____